UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FAUN O'NEEL, individually and as Guardian Ad Litem for her children B.T., A.O., D.O., and A.T.,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF FOLSOM, a public entity; SPENSER HEICHLINGER, an individual; MELANIE CATANIO, an individual; LOU WRIGHT, an individual; [FNU] AUSTIN, an individual; [FNU] HUSAR, an individual, DOE CITY OF FOLSOM DEFENDANTS, individuals; COUNTY OF SACRAMENTO, a public entity; DOE DCFAS DEFENDANTS, individuals; and DOES 1 through 10, inclusive,<br><br>    Defendant. | No. 2:21-cv-02403 WBS DB<br><br>ORDER RE: DEFENDANTS' MOTION TO DISMISS |

----oo0oo----

    Plaintiff Faun O'Neel, individually and on behalf of her children B.T., A.O., D.O., and A.T. (collectively, "plaintiffs"), brought this § 1983 action against the City of

1

1  Folsom ("City"); various Folsom police officers; the County of
2  Sacramento; and various Sacramento Department of Child, Family
3  and Adult Services ("DCFAS") officials, challenging defendants'
4  alleged unlawful entry of O'Neel's home and their alleged
5  unlawful seizure and removal of B.T., A.O., D.O., and A.T.  (See
6  Second Amended Complaint ("SAC") (Docket No. 37).)

7         Defendants City, Heichlinger, Catanio, Wright, Austin,
8  and Husar now move to dismiss Count Four as to Heichlinger,
9  Austin, and Husar, and the prayer for injunctive relief of
10 plaintiffs' Second Amended Complaint.  (Docket Nos. 35, 37.)

11         This Order does not recite a full background of the
12 case as the court has done so in its prior Order dated July 15,
13 2022.  (See Order at 2-5 (Docket No. 32).)

14 I.  Discussion

15         Federal Rule of Civil Procedure 12(b)(6) allows for
16 dismissal when the plaintiffs' complaint fails to state a claim
17 upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).
18 The inquiry before the court is whether, accepting the
19 allegations in the complaint as true and drawing all reasonable
20 inferences in the plaintiffs' favor, the complaint has stated "a
21 claim to relief that is plausible on its face."  Bell Atl. Corp.
22 v. Twombly, 550 U.S. 544, 570 (2007).

23      A.  False Imprisonment Claim Against Defendants
             Heichlinger, Austin, and Husar
24

25         This court previously dismissed plaintiffs' false
26 imprisonment claim against defendants Heichlinger, Austin, and
27 Husar due to the absence of any factual allegations that these
28 defendants were present during the December 22, 2020 visit to

1  plaintiffs' home.  (Order at 15, 23.)  Plaintiffs' Second Amended
2  Complaint similarly does not contain any such allegations.  (See
3  SAC at ¶ 52.)  It appears that the inclusion of defendants
4  Heichlinger, Austin, and Husar under Count Four in the Second
5  Amended Complaint was in error as plaintiffs' reply stated that
6  these defendants "are no longer named parties in the suit."
7  (Pls.' Opp'n. at 3 (Docket No. 39).)  Accordingly, plaintiffs'
8  false imprisonment claim will be dismissed as against defendants
9  Heichlinger, Austin, and Husar.
10        B.    Prayer for Injunctive Relief
11              Defendants argue that plaintiffs' prayer for injunctive
12 relief should be stricken due to lack of standing.  Article III
13 standing has three elements: "(1) injury-in-fact--plaintiff must
14 allege concrete and particularized and actual or imminent harm to
15 a legally protected interest; (2) causal connection--the injury
16 must be fairly traceable to the conduct complained of; and (3)
17 redressability--a favorable decision must be likely to redress
18 the injury-in-fact."  Barnum Timber Co. v. U.S. EPA, 633 F.3d
19 894, 897 (9th Cir. 2011) (citing Lujan v. Defenders of Wildlife,
20 504 U.S. 555, 560-61 (1992)) (internal quotation marks omitted).
21              With respect to the first element, "[p]ast exposure to
22 harmful or illegal conduct does not necessarily [establish
23 sufficient injury] if the plaintiff does not continue to suffer
24 adverse effects . . . [n]or does speculation or subjective
25 apprehension about future harm support standing."  See Mayfield
26 v. United States, 599 F.3d 964, 970 (9th Cir. 2010) (internal
27 quotation marks and citations omitted).  When a plaintiff has
28 previously been wronged, in order to sustain a claim for future

injunctive relief, she must show that she "will again be wronged in a similar way." Id.

Standing must be separately established for each form of relief sought. Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018). A plaintiff must allege sufficient facts to demonstrate standing at the pleading stage. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).

Considering the Supreme Court's admonition that Article III standing must be established at the pleading stage, it is appropriate to evaluate plaintiff's standing for injunctive relief on this motion. See Spokeo, 578 U.S. at 338. See also Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 971 (9th Cir. 2018) (analyzing standing to seek injunctive relief at the motion-to-dismiss stage); Walsh v. Nev. Dep't of Hum. Res., 471 F.3d 1033, 1036 (9th Cir. 2006) (analyzing standing to seek injunctive relief at the judgment-on-the-pleadings stage).

While plaintiffs cite three cases in which district courts declined to consider striking a prayer for injunctive relief at the motion-to-dismiss stage, they are not precisely on point. (See Pls.' Opp'n. at 5.) In these cases, the courts declined to broadly consider the merits of injunctive relief, not the narrower issue of standing. See Fratus v. Mazyck, No. 2:16-cv-0076 KJM EFB, 2017 WL 531842, at *4 (E.D. Cal. Feb. 7, 2017), report and recommendation adopted, No. 2:16-cv-0076 KJM EFB, 2017 WL 950441 (E.D. Cal. Mar. 10, 2017); Zepeda v. Tate, No. 1:07-cv-0982 SMM, 2010 WL 4977596, at *5 (E.D. Cal. Dec. 2, 2010); Friends of Frederick Seig Grove #94 v. Sonoma Cnty. Water Agency, 124 F. Supp. 2d 1161, 1172 (N.D. Cal. 2000). Plaintiffs also

cited Cox Communications PCS v. City of San Marcos, which is inapposite as it involved the dismissal of a "cause of action" for injunctive relief that was improperly pled and duplicative. See 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002).

Because plaintiffs do not allege facts indicating either an ongoing injury or a likelihood of future harm, they cannot establish injury-in-fact. The Second Amended Complaint does not suggest that defendants are still preventing plaintiff O'Neel from having custody of her children, nor does it provide reason to believe that defendants will experience similar wrongs in the future. The initial involvement of police officers was the result of D.O. allegedly lying to B.T. by stating that O'Neel had picked him up by the neck, leading B.T. to call the police. (SAC at ¶ 33.) Prior to this incident, O'Neel's children had never been removed from the home. (SAC at ¶ 44.) Plaintiffs allege that O'Neel is a nurturing mother and an experienced, award-winning foster parent. (See SAC at ¶ 22, 25.) For a similar wrong to occur again, a report would need to be made about possible abuse of the children, whether based on a lie or based on actual conduct by O'Neel. Plaintiffs have alleged no facts suggesting that either scenario is likely.

Plaintiffs allege that defendants City and County have a policy or practice of removing children without adequate investigation. (See SAC at ¶ 78-80.) However, the existence of a policy or practice does not establish that these plaintiffs face a risk of future harm. Even if the alleged practice were to continue, this alone does not indicate that plaintiffs will again experience a similar injury. See City of Los Angeles v. Lyons,

461 U.S. 95, 109 (1983).  The possibility that plaintiffs will experience similar harm by defendants is therefore too "speculative" to support standing for injunctive relief.  See id.

    IT IS THEREFORE ORDERED that defendants' Motion to Dismiss (Docket No. 37) be, and the same hereby is, GRANTED.  Count Four of the Second Amended Complaint is DISMISSED as to defendants Heichlinger, Austin, and Husar; and the prayer for injunctive relief of the Second Amended Complaint is STRICKEN.

Dated:  October 4, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE