UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUN O'NEEL, individually and as Guardian Ad Litem for her children B.T., A.O. D.O. and A.T., | No.  2:21-cv-2403 WBS DB |
| Plaintiffs, | ORDER |
| v. | |
| CITY OF FOLSOM, et al., | |
| Defendants. | |

On July 25, 2022, the assigned District Judge issued a Status (Pretrial Scheduling) Order. (ECF No. 34.)  Pursuant to that order the parties are to direct any request to modify the dates set therein to the undersigned, with the exception of requests to change the date of the trial.  (ECF No. 34 at 5.)  On December 4, 2023, plaintiff filed an ex-parte application to extend discovery related deadlines by seven days.  (ECF No. 68.)  On December 6, 2023, defendants County of Sacramento and Sasha Smith filed an opposition.  (ECF No. 71.)  On December 7, 2023, defendant Keryn Starks filed a joinder of defendants' opposition.  (ECF No. 73.)  Plaintiff filed a response that same day.  (ECF No. 72.)

"Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards control[]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  "Rule

1

16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Courts within this Circuit 'have articulated and undertaken [a] three-step inquiry in resolving the question of 'diligence' in the context of determining good cause under Rule 16[.]'" Morgal v. Maricopa County Bd. of Sup'rs, 284 F.R.D. 452, 460 (D. Ariz. 2012) (quoting Grant v. United States, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011)).

> Under that inquiry: To demonstrate diligence under Rule 16's 'good cause' standard, the movant may be required to show the following: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

Id.

Here, plaintiffs' application explains that on November 29, 2023, plaintiffs' counsel mistakenly stated to defense counsel that plaintiffs "had no experts[.]" (Pls.' Mot. (ECF No. 68-1) at 2.) While going through medical records of one of the minor plaintiffs on December 2, 2023, plaintiffs' counsel realized the error and "immediately . . . submitted the disclosures by e-amil and U.S. Mail to all counsel[.]" (Id.)

The undersigned finds that plaintiffs' counsel has been diligent in assisting the court in creating a workable schedule. The error could not have been reasonably foreseen. And that plaintiffs' counsel was diligent in seeking amendment. Accordingly, the undersigned finds that plaintiff has satisfied the good cause standard. See generally Analytical Measurements, Inc. v. Keuffel & Esser Co., 843 F. Supp. 920, 926 (D. N.J. 1993) ("Whether to permit the amendment of a final pretrial order is entirely within the discretionary power of the trial court.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' December 4, 2023 ex parte application (ECF No. 68) is granted;

2. The deadline for disclosure of experts and production of FRCP 26(a)(2) reports is continued to **December 4, 2023**;

3. The deadline for disclosure of rebuttal experts and production of FRCP 26(a)(2) reports is continued to **December 22, 2023**; and

4. The completion of all discovery is continued to **February 2, 2024**.

DATED: December 18, 2023            /s/ DEBORAH BARNES
                                    UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/o'neel2403.am.sched.ord