UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FAUN O'NEEL, individually and as Guardian Ad Litem for her children B.T., A.O., D.O., and A.T., <br><br>  Plaintiff, <br><br>     v. <br><br> CITY OF FOLSOM, a public entity; SPENSER HEICHLINGER, an individual; MELANIE CATANIO, an individual; LOU WRIGHT, an individual; [FNU] AUSTIN, an individual; [FNU] HUSAR, an individual, DOE CITY OF FOLSOM DEFENDANTS, individuals; COUNTY OF SACRAMENTO, a public entity; DOE DCFAS DEFENDANTS, individuals; and DOES 1 through 10, inclusive, <br><br>  Defendants. | No. 2:21-cv-02403 WBS DB <br><br><br> ORDER |

----oo0oo----

The parties have filed a stipulation seeking to continue certain dates and deadlines.  (Docket No. 85.)  Given the parties' agreement, the deadline to file any opposition to

1

1  defendants' motion for summary judgment is continued to **March 12,**
2  **2024.**  Pursuant to Local Rule 230(d), plaintiff's reply will be
3  due **March 22, 2024,** and the hearing on the motion will remain
4  **April 15, 2024.**  However, the court rejects the parties'
5  suggestion to vacate the pretrial conference and trial dates with
6  those dates to be reset after resolution of the motion for
7  summary judgment.  Instead, the pretrial conference, currently
8  set for May 6, 2024, is hereby RESET to **May 20, 2024 at 1:30**
9  **p.m., to be held in-person in Courtroom 5.**  Pursuant to Local
10 Rule 281(a)(1), plaintiff's pretrial statement will now be due
11 **May 6, 2024,** and defendants' pretrial statement will be due **May**
12 **13, 2024.**  The trial date remains set on **June 25, 2024.**
13         There is no reason to believe that the parties will not
14 have sufficient time after the April 15 hearing to file their
15 pretrial statements the following month.  The court takes issue
16 with the parties' assertion that "it generally takes the District
17 Court within the Eastern District of California several months to
18 issue rulings upon dispositive motions following the hearings
19 thereon."  As any attorney who has done his homework should well
20 know, it does **not** take this judge several months, or anything
21 like that, to decide submitted motions.  To the contrary, of the
22 literally thousands of motions this judge has heard over the last
23 thirty-three years, counsel would be hard pressed to find more
24 than a small handful that have taken more than even two or three
25 weeks to be decided.
26         Indeed, in this very case the court decided plaintiff's
27 motion to appoint a guardian ad litem the day after it was heard
28 (Docket Nos. 8, 9); filed its order on defendants' motion for

2

judgment on the pleadings on four days after the hearing on that motion (Docket Nos. 30, 32); and filed its order on defendants' motion to dismiss the day after hearing that motion (Docket Nos. 42, 43).  The parties have no basis or reason to assume the next motion will be treated any differently.

IT IS SO ORDERED.

Dated:  February 23, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE