Robert R. Powell (SBN: 159747)
POWELL & ASSOCIATES
925 W. Hedding St.
San Jose, CA 95126
Phone: (408) 553-0201
Fax: (408) 553-0203
Email: rpowell@rrpassociates.com

Samuel H. Park (SBN: 261136)
LAW OFFICE OF SAMUEL H. PARK, APC
374d Bergin Drive
Monterey, CA 93940
Phone: (831) 529-5955
Email: sam@sampark.lawyer

Attorneys for Plaintiffs,
Faun O'Neel, B.T., A.O., D.O., and A.T.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FAUN O'NEEL, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FOLSOM, et al.<br><br>Defendants. | Case No. 2:21-cv-02403-WBS-DB<br><br>**[EX-PARTE]**<br>**PLAINTIFFS' EX-PARTE MOTION TO EXCUSE LATE FILED PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY ADJUDICATION OF ISSUES; DECLARATION OF ROBERT R. POWELL RE: EXPARTE NOTICE AND IN SUPPORT OF RELIEF REQUESTED**<br>**[Per Standard Information of Hon. William B. Shubb**<br><br>Date: n/a<br>Time: n/a<br>Courtroom:       Courtroom 5, 14th Floor<br>Judge:                Hon. William B. Shubb |

**COMES NOW PLAINTIFFS**, and submit this Ex-parte Motion To Excuse Late Filed Plaintiffs' Opposition To Defendants Motion For Summary Judgment, Or In The Alternative Partial Summary Adjudication Of Issues (Dkt. 80 -"MSJ"), and submits herein the Declaration Of Robert R. Powell Re: Ex-parte Notice And In Support Of Relief Requested.  The Declaration of Plaintiff's counsel follows the law and argument below.

- 1 -

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY ADJUDICATION OF ISSUES: DECLARATION [IN SUPPORT]

**I.   LAW AND ARGUMENT**

   A.   INTRODUCTION

The "final" Notice of this application was given to Defendants' counsel by e-mail at 2:38 p.m. on March 14th, 2024, however the "first" was March 13th 2024 at 12:37 p.m., when attempts to meet and confer regarding Plaintiffs' late-filed Opposition to Defendants commenced by an e-mail to Jonathan Paul, counsel for the County of Sacramento defendants. However, that initial e-mail failed to include Ms. Warner, a separate counsel for County social worker Defendant Keryn Starkes. Mr. Paul included her in his reply to the 2:38 p.m. March 14th e-mail. Ms. Warner stated no objection to the late filed related relief requested herein, and advised of that promptly. Mr. Paul indicated his client will not stipulate. [Dec. RRP]

By this Motion Plaintiffs, and most accurately Plaintiffs' counsel, seek an order excusing the late filing of Plaintiffs'Opposition (Dkt. 88 et seg.) to Defendants MSJ (Dkt. 80 et seq.]

The applicable law and reasons for this request are set forth below and supported by the Declaration of Robert R. Powell [In Support] submitted hereinbelow.

   B.   MEMORANDUM OF POINTS AND AUTHORITIES

While district courts enjoy a wide latitude of discretion in case management, "this discretion is circumscribed by the courts' overriding obligation to construe and administer the procedural rules so as 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010), quoting Fed.R.Civ.P. 1.

      **i. Dismissal For Failing To Follow Court Order**

In determining whether to dismiss a claim for failure to [ ] comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639,

642 (9th Cir. 2002), citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1 (9th Cir. 1992), as amended (May 22, 1992) Though these cases involve motions to dismiss, the same considerations reasonably apply in this instance.  The non-allowance of the late filed Opposition would result in an unopposed Defendants' MSJ, and thus result in, if not be tantamount to, a "dismissal of the claim" for missing the deadline.

Given the fact the Plaintiffs Opposition was accessible to all Defendants when they woke on the morning of the 13th of March, Plaintiffs submit "the public's interest in expeditious resolution of litigation," is not affected by the late filing.  The Court's docket, Plaintiffs submit, is likewise not affected, though there may be some internal workings that Plaintiffs acknowledge they might no be aware of and some person may have been affected, though it seems unlikely.  Further, for the same reasons, there is no prejudice to the Defendants from a filing 3 hours and 38 minutes late.  There no doubt are "less drastic alternatives, and Plaintiffs will accept willingly, any that do not stop what is in Plaintiffs' opinion, the most important factor in this area, and that is, "the public policy favoring disposition of cases on their merits." *Pagtalunan,* at 642

### ii.  Ex-Parte Motions

For *ex parte* relief, (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). A moving party "must show why [it] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Id*.

Addressing the foregoing laws/rules on ex-parte motions first, Plaintiffs submit there is no question that if the relief requested is not granted, they will be prejudiced, due the belief there is no possibility that a hearing would be set before the current April 15th hearing date on the MSJ, and Defendants would actually be in a "lurch" of sorts not knowing if they have any need to "reply." This Court in its Standard Information notes that

an ex-parte application does not result in a hearing unless otherwise notified, and Plaintiffs submit no such hearing should be required.

Plaintiffs cannot say they – which of course is a reference to Counsel, not the actual Plaintiffs – are with "no" fault at all in creating the "crisis that requires ex-parte relief." With hindsight, possibly another employee could have been located. But efforts were made between the regular practice in the office with multiple child-welfare civil rights violation cases, and the *Beard, infra* pre-trial preparations (discussed below) to do so. [Dec. RRP] However, those efforts were unsuccessful during the three weeks prior to the March 12th filing deadline in this matter, other than the one employee who was hired (Ms. Julia Zastowt), and she is a "shared" front office admin (this was the first MSJ she had ever dealt with), and Ms. Zastowt is not solely employed by Plaintiffs' counsel but with a shared partner in the law office property. [Dec. RRP]

Not having the two seasoned paralegals formerly employed by Plaintiff's counsel meant a significant amount of the rather routine preparatory research and assembly of work product normally performed by such paralegals when preparing to meet and defend an MSJ such as Defendants, was not completed. [Dec. RRP] That led to errors that had to be addressed and required wholesale re-writing and renumbering of Separate and Additional facts when time came to "finalize" the Plaintiffs' Opposition to the MSJ. [Dec. RRP]

Plaintiffs refer the Court to that which recites the reasons that Plaintiffs had to seek and Defendants agreed with, a continuance of the time to respond to their MSJ, because those reasons played a large role in the tardy filing due March 12th, on March 13th, 2024.

In a Stipulation and Order Continue Deadline To Respond To Defendants' Motion For Summary Judgment And Vacate The Final Pretrial Conference And Trial Date, filed 2/22/24, the situation with Plaintiffs' counsel noted being involved in another civil rights trial in the Northern District, and the aforementioned loss of not one, but two paralegals in the space of seven days prior to that trial. As stated, since that time, only one has been replaced. [Dec. RRP]

Further, in the midst of that and adding to those personnel issues found in any small business, was an issue unique to one practicing law. The office of Plaintiff's counsel was preparing all of the Pre-Trial filings due March 1, 2024 in the matter of *Beard, et al. v. County of Stanislaus, et al.* Case No. 1:21-cv-00841-JAM-KJN, for an in-person Pre-trial Conference held March 8th, 2024 at 11:00 a.m. [Dec. RRP]

Plaintiffs submit their delay in filing will not affect the public's interest in the expeditious resolution of litigation in any way but does understand the Court's need to manage its docket and is hopeful this tardiness is not seen as having affected that management. As noted previously, there is no prejudice to Defendants by excusing the tardy filing of the Plaintiffs` Opposition to their MSJ, and Plaintiffs request the Court excuse the late filing and proceed with its review and ruling on the issues presented in the Defendants' MSJ and the Plaintiffs' opposition to it.

## CONCLUSION

Based on the foregoing authorities and the Declaration of Robert R. Powell regarding compliance with the ex-parte rules in this Court's Standard Information, Plaintiffs respectfully request the Court order the delay in filing Plaintiffs' Opposition to Defendants Motion for Summary Judgment be excused, and consider the pleadings and evidence submitted therewith on or before the currently scheduled hearing on said Motion for Summary Judgment, currently set for April 15th, 2024.

**DECLARATION OF ROBERT R. POWELL**
**RE: EXPARTE NOTICE AND IN SUPPORT OF RELIEF REQUESTED**

I, Robert R. Powell, do hereby declare:

1. I am an attorney licensed to practice before all state and federal courts in the State of California, the Ninth Judicial Circuit, and the U.S. Supreme Court. I am the lead attorney of record for Plaintiffs herein.

2. This Declaration is intended to address three points relevant to this particular ex-parte and circumstance, and support the assertions in the argument above. There was another factor to ex-parte's in the Standard Information, but not relevant here.

3. The three relevant points in the Standard Information of this Court to this ex-parte Motion are as follows: 1) the need for the issuance of such an order; 2) the failure of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, 3) why such request cannot be noticed on the court's motion calendar pursuant to Local Rule 230

**1) the need for the issuance of such an order**

4. This order is needed to allow Plaintiffs to defend the MSJ filed by Defendants at Dkt. 80 *et seq*. Plaintiffs Opposition filing (Dkt. 88 *et seq.*) was untimely, being filed 3 hours and 38 minutes after midnight on March 12th, 2024. Should Plaintiffs' counsel's failure to timely file result in the Defendants' MSJ being essentially unopposed, they will have been denied the opportunity have their evidence and arguments heard on why the warrant application filed by Keryn Starkes to remove the four children in this matter from their Mother, was an act of egregious judicial deception.

**2) the failure of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action**

5. Reasonable efforts were made to obtain a stipulation as follows.

6. I first sought to address the late filing of Plaintiffs Opposition to the Defendant's MSJ by an e-mail to Jonathan Paul and his staff on March 13th 2024 at 12:37. I apparently did not include Ms. Warner in that original e-mail. She is, to my understanding *cumis counsel* for Ms. Starkes. Mr. Paul nor his staff member copied replied, though I advised failing a reply and an agreement, I would likely file "tomorrow," which is of course today.

7. By 12:13 p.m. today, March 14th, 2024, Mr. Paul had not replied, so I sent another e-mail.  To that he responded ten minutes later, and pointed out he added Ms. Warner.  Ms. Warner responded she had no objection two minutes later at 12:25 p.m.

8. As I turned to prepare this filing, I thought again about the way Mr. Paul had responded, saying that he strongly felt the Court would grant the requested relief, followed by a sentence that went like this, "**However, I do have authority from my client to stipulate to the late filing thereof**."  It bothered me, as it seemed incongruent due to the "however."

9.  Therefore before I opened up a pleading template to prepare a Stipulation and Order I felt it wise to write him back and point out the seeming incongruity, which I did by e-mail at 12:35 p.m.  Fortunately, he responded by 12:48, for I had not gotten too far underway on a Stipulation.  He responded saying he was in a "Zoom appearance in the Northern District[,] [t]us my typing is not as accurate as it should be[,] *[m]y email should have read, I do not have authority from my client*."

10.     No doubt Jonathan Paul is also a very busy lawyer; this motion was then prepared.

### 3) why such request cannot be noticed on the court's motion calendar pursuant to Local Rule 230

11.  The time is too short to put this matter on a regularly scheduled motion calendar.  It is another consideration that if it were, Defendant's would not know if they were required to reply, or it would at least stir uncertainty.

### 4) support of representations in argument above

12.  Plaintiffs Counsel cannot claim there was "no" fault for the outcome of the tardy filing, but submits it is in the nature of "neglect."  In a prior Stipulation and Order at Docket 85 the parties stipulated to extend time to file the Opposition, and, vacate trial dates.  That request was granted, but the Court is asked to note it discussed some significant and unfortunate loss of personnel in the office of Plaintiffs' counsel in the Recitals – which by adoption I hereby swear to under penalty of perjury.

13. Efforts were made to find paralegals to replace the two that left within 7 days of each other – one on about 5 days notice - however those efforts were unsuccessful during the three weeks prior to the March 12th filing deadline in this matter, with the one exception of Ms. Julia Zastowt.  Given the partner in the law office building that I own, also an attorney, had ONLY that shared employee up front, that was the position we needed to fill first.

14. Not having the two seasoned paralegals who had left the employ of Plaintiff's counsel meant a backlog started to occur, which of course affected the entire practice.  But as importantly, or more so given this motion had to be prepared, is that losing the two seasoned paralegals meant a significant amount of the rather routine preparatory research and assembly of work product normally performed by such paralegals when preparing to meet and defend an MSJ such as Defendants, was not completed.

15. Late in the evening of March 12th some of these errors were discovered, and the undersigned and his lead paralegal had to perform wholesale re-writing and renumbering of Separate Disputed and Plaintiffs' Additional facts before being able to "finalize" the Plaintiffs' Opposition to the MSJ.

16. The statements in the argument section above this Declaration about the preparation of the pre-trial materials in *Beard, et al. v. County of Stanislaus, et al*. Case No. 1:21-cv-00841-JAM-KJN, and the in-person attendance at a Pre-Trial Conference on March 8th, 2024, in the argument above are also all true and correct.

Sworn to under penalty of perjury pursuant to the laws of the State of California.

Date: March 14, 2024                         /S/ Robert R. Powell
                                             ROBERT R. POWELL, ESQ.
                                             Attorney for Plaintiffs