UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FAUN O'NEEL, individually and as Guardian Ad Litem for her children B.T., A.O., D.O., and A.T.,<br><br>          Plaintiffs,<br><br>     v.<br><br>CITY OF FOLSOM, a public entity; SPENSER HEICHLINGER, an individual; MELANIE CATANIO, an individual; LOU WRIGHT, an individual; DOE CITY OF FOLSOM DEFENDANTS, individuals; KERYN STARKS, an individual; SASHA SMITH, an individual; COUNTY OF SACRAMENTO, a public entity; DOE DCFAS DEFENDANTS, individuals; and DOES 1 through 10, inclusive,<br><br>          Defendant. | No. 2:21-cv-02403-WBS-DB<br><br>MEMORANDUM AND ORDER RE: PLAINTIFFS' MOTION FOR APPROVAL OF MINOR'S COMPROMISE |

----oo0oo----

Plaintiff Faun O'Neel, individually and as guardian ad litem for her children B.T., A.O., D.O., and A.T, brought this § 1983 action alleging that defendants' removal of her four

1

1  children violated, inter alia, their Fourteenth Amendment right
2  to familial association and Fourth Amendment right to be free
3  from unreasonable searches.  (Second Am. Compl. ("SAC") (Docket
4  No. 49).)  Donnie Cox was subsequently appointed guardian ad
5  litem for the four children on February 23, 2022.[1]  (Docket No.
6  9.)  Plaintiffs now petition for approval of minor's compromise
7  of the claims against the City of Folsom and two City of Folsom
8  employees, Melanie Catanio and Lou Wright.  (Docket No. 76.)[2]
9  Defendants have not filed any opposition to the motion.

10  District courts evaluating minors' compromises must
11  "limit the scope of their review to the question whether the net
12  amount distributed to [a] minor plaintiff in the settlement is
13  fair and reasonable, in light of the facts of the case, the
14  minor's specific claim, and recovery in similar cases," "without
15  regard to the proportion of the total settlement value designated
16  for adult co-plaintiffs or plaintiffs' counsel."  Robidoux v.
17  Rosengren, 638 F.3d 1177, 1181-82 (9th Cir. 2011).

18  The gross settlement amount is $400,000, with $10,000
19  to be distributed to each of the four child plaintiffs (one of
20  whom is no longer a minor), $160,000 to be distributed to the
21  adult plaintiff, and 50%, or $200,000, to be distributed to
22  counsel for attorneys' fees based on a preexisting fee agreement.
23  (Powell Decl. (Docket No. 76-1) ¶ 6.)

24  The court is familiar with the allegations made by

---

[1] Plaintiffs' counsel represents that plaintiff B.T. has since reached age eighteen and is no longer a minor.

[2] The settlement does not dispose of the claims against the County of Sacramento defendants.

plaintiffs regarding the removal of the child plaintiffs by the City of Folsom defendants.  The court finds the $10,000 amount to be distributed to each child fair and reasonable based on the allegations made and a review of other child removal cases. Accordingly, the court will grant plaintiffs' petition.

IT IS THEREFORE ORDERED that the settlement of the minor plaintiffs' claims against defendants City of Folsom, Melanie Catanio, and Lou Wright, as compromised pursuant to the terms of the settlement reached by the parties, and as further described in plaintiffs' petition for approval of minor's compromise (Docket No. 76), is approved.

IT IS FURTHER ORDERED that three checks, each for $10,000.00, shall be made payable to the three minors, A.O., D.O., and A.T., to be deposited into individual CUTMA accounts for each minor child, as outlined in the sealed Declaration of Robert R. Powell (Docket No. 79).

Dated:  March 19, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE